IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-89-BO

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MARKIE JONES )<br>) | **ORDER** |

This cause comes before the Court on defendant's motion to suppress any and all evidence seized during a traffic stop conducted on November 6, 2014, in Johnston County, North Carolina. A hearing was held on the matter before the undersigned on July 16, 2015, at Elizabeth City, North Carolina. For the reasons discussed below, defendant's motion is denied.

## BACKGROUND

Defendant is charged in a one-count indictment with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924. On November 6, 2014, at approximately 10:40 p.m., defendant drove a Grand Marquis past a Johnston County Sheriff's Deputy, Adriane Stone, who was in uniform and parked in a marked patrol car at the intersection of Jack Road and Ranch Road. Deputy Stone observed defendant make an overly wide right turn from Ranch Road onto Jack Road; specifically, the vehicle crossed over the double-yellow center lines and then over-corrected over the fog line when executing the turn. At that time, Deputy Stone began to follow the vehicle as it proceeded down Jack Road and later observed the vehicle tap its brakes when making a right at a stop sign onto Barber Mill Road. Continuing and following immediately behind the Grand Marquis, Deputy Stone then observed the car again swerving on the roadway, crossing the double yellow lines and shoulder fog line several more

times.

Deputy Stone radioed communications, reported a possible drunk driver, and requested backup. Deputy Stone then activated her blue lights to initiate a stop; the vehicle began to pull to the side of the road as if to stop and then pulled back onto the roadway. Deputy Stone then activated her sirens and followed the vehicle for approximately three-quarters of a mile before the vehicle came to a stop at the side of the roadway. Deputy Stone testified that she did not recognize the Grand Marquis or the driver.

When Deputy Stone approached the vehicle, defendant, the only occupant, would not look at her, appearing tense and as if he was trying to conceal something from her view with his legs or hips. When asked if he had a weapon in the vehicle defendant did not respond. After twice requesting and obtaining his driver's license, Deputy Stone commenced verification of the license and another officer, Officer Garner, arrived to provide assistance. Deputy Stone learned that defendant's licensed had been revoked, asked defendant to exit the vehicle, and Officer Garner informed defendant that he was under arrest for driving while license revoked. N.C. Gen. Stat. § 20-28(a). Upon exiting the vehicle, defendant again positioned his body in such a way as if to attempt to conceal something from the officers and resisted being handcuffed by Officer Garner. Once defendant was handcuffed, Officer Garner conducted a search incident to arrest and located a firearm in defendant's back waistband loaded with thirteen bullets.

## DISCUSSION

The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. Amend. IV. The temporary detention of a person during a vehicle stop constitutes a seizure for purposes of the Fourth Amendment, *Whren v. United States*, 517 U.S. 806, 809 (1996), and

2

because a traffic stop is akin to an investigative detention, it must, whether based on reasonable suspicion or probable cause, satisfy the standard announced in *Terry v. Ohio*, 392 U.S. 1 (1968). *United States v. Digiovanni*, 650 F.3d 498, 506 (4th Cir. 2011). This requires a traffic stop to be justified at its inception and the officer's subsequent actions to be reasonably related in scope to the circumstances which justified the stop. *Id.*

Defendant contests the first prong under *Terry*, arguing that Deputy Stone lacked objectively reasonable suspicion of criminal activity to justify the stop. The stop of defendant's vehicle was justified at its inception, however, because Deputy Stone observed defendant commit several traffic violations.

Where a law enforcement officer has probable cause to believe that a traffic violation has occurred, the officer's decision to stop a vehicle is generally considered to be reasonable. *Whren*, 517 U.S. at 810. North Carolina law provides that a vehicle should be driven as nearly as practicable entirely within a single lane. N.C. Gen. Stat. § 20-146(d)(1). North Carolina law further provides that it is unlawful for the driver of a vehicle to fail to stop at a stop sign. N.C. Gen. Stat. § 20-158(b)(1). Deputy Stone witnessed defendant cross the center and fog lines as he made a right turn onto Jack Road, witnessed defendant fail to come to a complete stop at the intersection of Jack and Barber Mill Roads, and witnessed defendant again fail to maintain his lane while driving on Barber Mill Road, providing her with probable cause to stop defendant's vehicle. *See United States v. Sowards*, 690 F.3d 583, 588 (4th Cir. 2012)(probable cause exists where reasonably trustworthy information is sufficient to believe that an offense has been or is being committed); *see also United States v. Flores*, 368 Fed. App'x 424, 430 (4th Cir. 2010)(unpublished) (three readily observable traffic infractions, including failure to maintain lane,

3

permitted stop consistent with Fourth Amendment); *United States v. Gallardo-Gonzalez*, 331 Fed. App'x 255, 257 (4th Cir. 2009)(unpublished) (readily observable single violation of N.C. Gen. Stat. § 20-146(d) by failing to maintain a line provides probable cause for a stop); *United States v. Price*, 7:14-CR-78-BO-2, 2015 WL 1851418, at *3 (E.D.N.C. Apr. 22, 2015) (failure to stop at a stop sign justifies lawful vehicle stop). Although defendant testified at the hearing that he did not swerve out of his lane, the Court finds more credible the testimony of Deputy Stone who indicated that defendant's vehicle crossed the center and fog lines when making a right turn onto Jack Road, and further that he continued to swerve out of his lane as he drove down Barber Mill Road.

Defendant's argument that the stop was not justified because Deputy Stone had communicated her belief that defendant was possibly operating the vehicle while intoxicated and then failed to investigate defendant's sobriety once the vehicle was stopped is of no moment. Regardless of an officer's subjective motivations or intuitive suspicions regarding criminal activity, "when an officer observes a traffic offense—however minor—he has probable cause to stop the driver of the vehicle[.]" *United States* v. Hassan El, 5 F.3d 726, 730 (4th Cir. 1993) (quoting *United States v. Cummins*, 920 F.2d 498, 500-01 (8th Cir. 1990)). Therefore, once Deputy Stone observed defendant fail to maintain his lane and fail to stop at a stop sign, she had the requisite probable cause to stop defendant.

After stopping defendant's vehicle, Deputy Stone was justified in detaining the vehicle in order to request defendant's license and registration and to run computer checks of the same. *United States v. Branch*, 537 F.3d 328, 335 (4th Cir. 2008). Though defendant does not specifically challenge the search of his person, the Court would note that it was lawfully conducted incident to defendant's arrest. *See United States v. Robinson*, 414 U.S. 218, 236 (1973)

4

("the fact of custodial arrest . . . gives rise to the authority to search").

## CONCLUSION

Accordingly, for the reasons discussed above, defendant's motion to suppress [DE 22] is DENIED.

SO ORDERED, this 22 day of July, 2015.

			*Terrence W. Boyle*
			TERRENCE W. BOYLE
			UNITED STATES DISTRICT JUDGE

5